# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *
ALI FADHIL, MD,                          *
                                         *   No. 18-816V
           Petitioner,        *   Special Master Christian J. Moran
                                         *
v.                                       *   Filed: September 13, 2021
                                         *
SECRETARY OF HEALTH                      *   Attorneys' Fees and Costs
AND HUMAN SERVICES,                      *
                                         *
           Respondent.        *
* * * * * * * * * * * * * * * * * * * * * *

Sylvia Chin-Caplan, Law Office of Sylvia Chin-Caplan, LLC, Boston, MA, for Petitioner;
Mark K. Hellie, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 26, 2021, petitioner Ali Fadhil moved for final attorneys' fees and costs. He is awarded **$35,320.37**.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

\*   \*   \*

On June 8, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that the tetanus-diphtheria-acellular pertussis vaccine he received on April 29, 2016, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused him to suffer Guillain-Barré syndrome. The parties filed a stipulation on August 26, 2020, which the undersigned adopted as his decision awarding compensation on August 28, 2020. 2020 WL 5667967 (Fed. Cl. Spec. Mstr. Aug. 28, 2020).

On February 26, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $40,531.50 and attorneys' costs of $468.59 for a total request of $41,000.09. Fees App. at 1. Pursuant to General Order No. 9, petitioner states that he has personally incurred costs of $400.00 in pursuit of this litigation. Id. On March 9, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

In this case, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because

2

the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of his counsel: for Ms. Sylvia Chin-Caplan, $400.00 per hour for work performed in 2016, $414.00 per hour for work performed in 2017, $429.00 per hour for work performed in 2018, $445.00 per hour for work performed in 2019 and 2020; and for Mr. Timothy Mason, $225.00 per hour for work performed in 2017, $238.00 per hour for work performed in 2018, $247.00 per hour for work performed in 2019, and $253.00 per hour for work performed in 2020. These rates are consistent with what Ms. Chin-Caplan and Mr. Mason have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case. See, e.g.,, Nunez v. Sec'y of Health & Human Servs., No. 14-863V, 2021 WL 3910605 (Fed. Cl. Spec. Mstr. July 27, 2021); Anderson v. Sec'y of Health & Human Servs., No. 02-1314V, 2018 WL 6787880 at *2 n.4 (Fed. Cl. Spec. Mstr. Nov. 16, 2018).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

3

Upon review of the submitted billing records, the undersigned finds that an overall reduction to the hours billed is necessary for several reasons. First, in the undersigned's experience there is an excessive amount of interoffice communication between Ms. Chin-Caplan and Mr. Mason. The undersigned suspects this is largely related to Ms. Chin-Caplan providing mentorship to Mr. Mason throughout the case due to the wide difference in experience between the two attorneys. While the undersigned is cognizant that Mr. Mason's involvement in this case has helped keep the overall costs lower because his hourly rate is much less than that of Ms. Chin-Caplan, the interoffice communication has led to hours being billed that, absent the involvement of two attorneys, would not have to be billed.

For example, on March 13, 2019, Mr. Mason billed time to review a status report and then e-mail Ms. Chin-Caplan about that status report. On August 27, 2018, each attorney billed 0.3 hours communicating about an affidavit when a case managed by only one attorney would likely not bill any time like this at all.[2] Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009); Raymo v. Sec'y of Health & Human Servs., 129 Fed.Cl. 691, 703-704 (2016); Rice v. Sec'y of Health & Human Servs., No. 15-1335V, 2018 WL 4784563, at*2 (Fed. Cl. Spec. Mstr. Aug. 27, 2018).

Second, Ms. Chin-Caplan has several billing entries indicating communication with Mr. Mason but without any indication as to the subject matter, which means the undersigned cannot assess their reasonableness (e.g., entries on 4/18/18, 4/20.18, 7/30/18, 4/13/19, 10/2/19).  Ms. Chin-Caplan has been previously criticized for creating vague entries.  See Abbott v. Sec'y of Health & Human Servs., No. 10-485V, 2017 WL 2226614, at *6 (Fed. Cl. Apr. 26, 2017), mot. for rev. denied, 135 Fed. Cl. 107, 111-12 (2017).

Finally, some of Mr. Mason's billing entries related to obtaining medical records and personnel and payroll records for petitioner are better categorized as paralegal tasks. When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work.  See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the Special Master exercised appropriate discretion in denying

---

[2] These are merely examples and not an exhaustive list of all examples of excessive interoffice communication in the billing records.

requested costs for work performed by Petitioner's counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties.")

Therefore, the undersigned is reducing the requested attorneys' fees by $6,079.72, representing fifteen percent of the attorneys' fees requested in order to achieve "rough justice." See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). Petitioners are therefore awarded final attorneys' fees of $34,451.78.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $468.59 in costs, comprised of acquiring medical records and postage. Fees App. at 32-33. Petitioner has provided adequate documentation supporting these costs and all appear reasonable in the undersigned's experience. Additionally, petitioner has indicated that he has personally incurred costs of $400.00 for the Court's filing fee. This cost is also reasonable and shall be awarded. Petitioner is therefore awarded the full amount of costs sought.

### E. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$34,920.37** (representing $34,451.78 in attorneys' fees and $468.59 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Ms. Sylvia Chin-Caplan; and a total of **$400.00**, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

s/Christian J. Moran
Christian J. Moran
Special Master